09-3571-ag
Zheng v. Holder

BIA
Bukszpan, IJ
A098 384 320

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of August, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge.*
> JON O. NEWMAN,
> DENNY CHIN,
> > *Circuit Judges.*

_____

GUO QIN ZHENG,
> *Petitioner,*

> v.                                                    09-3571-ag
>                                                       NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY
GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jeffrey E. Baron, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General,
                         Stephen J. Flynn, Assistant Director,
                         Karen Y. Stewart, Attorney, Office of
                         Immigration Litigation, Civil Divi-
                         sion, United States Department of
                         Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Guo Qin Zheng, a native and citizen of the People's Republic of China, seeks review of a July 23, 2009, order of the BIA, affirming the October 26, 2006, decision of Immigration Judge ("IJ") Joanna Miller Bukszpan, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Guo Qin Zheng*, No. A098 384 320 (B.I.A. July 23, 2009), *aff'g* No. A098 384 320(Immig. Ct. N.Y. City Oct. 26, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Substantial evidence supports the IJ's adverse

credibility determination.[1]  The IJ reasonably relied on Zheng's demeanor, which she found to be "highly evasive and nonresponsive."  As the BIA noted, Zheng was evasive and non-responsive to the IJ's questions concerning how long he was beaten, whether any events transpired between his June arrest and his departure from China, why his mother was arrested, and whether he obtained a statement from the person who introduced him to Falun Gong.  We afford particular deference to such assessments of an applicant's demeanor.  *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005); *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (holding that "[w]e can be [] more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony").  Moreover, based on the BIA's citations to non-reponsive testimony, which are supported by the record, we cannot find that we are compelled to overturn the demeanor finding.

Furthermore, the IJ reasonably found several aspects of Zheng's testimony implausible.  The IJ based this finding, in part, on the lack of corroborating evidence in the record to

---

[1]Because Zheng filed his asylum application before May 11, 2005, the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 do not apply.  See Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005).

support Zheng's assertion that he began to practice, and continues to practice, Falun Gong because of his ill health. The IJ's finding in this respect was proper, as an applicant's failure to corroborate his testimony may bear on credibility. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006). Although Zheng offered an explanation to the IJ as to why his testimony was not implausible, the IJ was not required to credit it. *See Majidi*, 430 F.3d at 80-81. Moreover, such explanations—even if rational—"do not defeat a finding that the account is implausible." *See Ying Li v. BCIS*, 529 F.3d 79, 83 (2d Cir. 2008).

Lastly, the IJ reasonably relied on discrepancies in Zheng's testimony to find him not credible. The IJ found that: (1) although Zheng testified that he practiced Falun Gong once a week, his witness asserted that he practiced it every day; and (2) although Zheng testified that his mother was arrested with him and later helped orchestrate his release from detention, his mother's letter omitted these facts. Although minor and isolated discrepancies may be insufficient to support an adverse credibility finding, *see Diallo v. INS*, 232 F.3d 279, 288 (2d Cir. 2000), the multiple discrepancies here were not isolated, and even if minor in and of themselves, relate to the basis of Zheng's fear of

-4-

persecution.  Thus, the IJ reasonably relied on the cumulative effect of Zheng's inconsistent testimony to call into question his credibility.  *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166-67 & n.3 (2d Cir. 2008) (noting that inconsistencies and omissions are "functionally equivalent").

Accordingly, substantial evidence supports the agency's adverse credibility determination.  *See Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir. 2004).  Because the only evidence of a threat to Zheng's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk